IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 25-19 |
| | ) | |
| v. | ) | (26 U.S.C. § 7202; 8 U.S.C. §§ |
| | ) | 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i)) |
| ANDY HA | ) | |

## INFORMATION

### COUNT ONE

The United States Attorney charges:

1. Defendant ANDY HA was a resident of Belle Vernon, Pennsylvania.

2. From at least September 2022 through April 2024, Prosperity Services, Inc., ("Prosperity") was a temporary staffing agency that provided workers to companies in the Charleroi, Pennsylvania area.

3. From at least September 2022 through April 2024, Defendant was the President and owner of Prosperity. In that capacity, he provided information to Prosperity's tax return preparer for use in the preparation of all tax returns, including Forms 1120, Corporation Income Tax Returns and Forms 941, Employer's Quarterly Federal Tax Returns ("Form 941"). Defendant also signed and authorized the filing of all of the company's tax returns once they were prepared by Prosperity's return preparer.

4. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

5. Pursuant to the Internal Revenue Code and associated statutes and regulations, employers were required to withhold amounts from their employees' gross pay including Federal Insurance Contribution Act ("FICA") taxes, which represented Social Security and Medicare taxes, and federal income taxes. These taxes were referred to collectively as "trust fund taxes"

because employers held the withheld amounts in trust until paid over to the United States. Employers were required to remit these withheld trust fund amounts to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

6. In addition to the trust fund taxes that must be withheld from pay, employers were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly, the trust fund taxes withheld (individual income, Social Security, and Medicare taxes) and the matching amounts contributed by the employer, were commonly referred to as "employment taxes."

7. Employers were required to file, one month after the conclusion of the calendar quarter, a Form 941, setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

8. A person was responsible for collecting, accounting for, and paying over the employment taxes if he or she had the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact.

9. As Prosperity's President and owner, Defendant exercised control over Prosperity's financial affairs. He received checks from the companies to whom Prosperity provided workers, cashed those checks at a check cashing business in Philadelphia, and used the resulting cash to pay Prosperity's workers. Defendant also signed and authorized Prosperity's Forms 941.  Thus, Defendant was a responsible person for collecting trust fund taxes, accounting for the trust fund

taxes by filing Forms 941 with the IRS, and paying over to the IRS the trust fund taxes for Prosperity's employees.

10. Defendant signed and authorized the filing of a Form 941 for the first quarter of 2023, reporting that Prosperity had 20 workers and paid $174,122.23 in wages for that quarter, whereas, as Defendant knew, Prosperity had at least 200 workers and paid in excess of $5 million in wages for that quarter.

11. For the first quarter of 2023, Defendant only paid over employment taxes associated with the employees and wages reported on Prosperity's Form 941 for that quarter. That is, Defendant failed to pay over at least $882,836.87 in employment taxes, including $441,418.43 in trust fund taxes.

12. On or about April 30, 2023, for the first quarter of 2023, in the Western District of Pennsylvania, Defendant ANDY HA did willfully fail to truthfully account for and pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Prosperity.

In violation of Title 26, United States Code, Section 7202.

## COUNT TWO

The United States Attorney further charges:

13. The allegations in paragraphs 1-3 and 9 are incorporated by reference as if realleged in full herein.

14. From in and around November 2022, through in and around April of 2024, in the Western District of Pennsylvania, Defendant ANDY HA, knowing and in reckless disregard of the fact that aliens had come to, entered, and remained in the United States in violation of law, did, for the purpose of commercial advantage or private financial gain, harbor and attempt to harbor such aliens in a place, including buildings and means of transportation.

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

## FORFEITURE ALLEGATIONS

1. The United States Attorney realleges and incorporates by reference the allegations contained in Count Two of this Information for the purpose of alleging criminal forfeiture pursuant to Title 8, United States Code, Section 1324(b), and Title 18, United States Code, Section 981(a)(1)(C).

2. Upon Defendant's conviction on Count Two, the government will seek forfeiture in accordance with Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 981(a)(1)(C), which require any person convicted of such offense to forfeit any proceeds of the offense and any property traceable to such proceeds, including, but not limited to, forfeiture of:

    (a)    $485,476 in United States currency, seized on or about March 17, 2024;

and

    (b)    $473,333 in United States currency, seized on or about February 18, 2024.

TROY RIVETTI
Acting United States Attorney
PA ID No. 56816

WILLIAM GUAPPONE
Assistant United States Attorney
NC ID No. 46075