IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                  Criminal No. 25-19

ANDY HA

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, Acting United States Attorney for the Western District of Pennsylvania, and William B. Guappone, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A two-count Information was filed against the above-named Defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Willfully failing to account for and pay a tax<br>April 30, 2023 | 26 U.S.C. § 7202 |
| 2 | Harboring for commercial advantage or private financial gain<br>November 2022-April 2024 | 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i) |

### II. ELEMENTS OF THE OFFENSES

**A.    As to Count 1:**

In order for the crime of willfully failing to collect, account for and pay over a tax, in violation of 26 U.S.C. § 7202, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the Defendant had a duty to collect, account for, and pay over a tax;

2. That the Defendant failed to collect, truthfully account for, or pay over the tax; and

3. That the Defendant acted willfully.

26 U.S.C. § 7202.

**B.    As to Count 2:**

In order for the crime of harboring for commercial advantage or private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the Defendant knew or was in reckless disregard of the fact that an alien had come to, entered, or remained in the United States in violation of law;

2. That the Defendant concealed, harbored, or shielded from detection, or attempted to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation; and

3. That the Defendant acted for the purpose of commercial advantage or private financial gain.

8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

### III.  PENALTIES

**A.    As to Count 1: Willfully Failing to Collect, Account for, and Pay Over a Tax (26 U.S.C. § 7202):**

1. A term of imprisonment of not more than five (5) years;

2. A fine of not more than $250,000 or twice the pecuniary gain or loss from the offense; and

3. A term of supervised release of not more than three (3) years.

B.     As to Count 2: Harboring for Commercial Advantage or Private Financial Gain (8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i)):

For each alien with respect to whom such violation occurred:

1. A term of imprisonment of not more than ten (10) years;

2. A fine of not more than $250,000 or twice the pecuniary gain or loss from the offense;

3. A term of supervised release of not more than three (3) years.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Restitution is agreed to by the parties, pursuant to 18 U.S.C. § 3663(a)(3).

## VI.  FORFEITURE

Forfeiture is applicable in this case as charged in the Information.

Respectfully submitted,

TROY RIVETTI
Acting United States Attorney

_____
WILLIAM B. GUAPPONE
Assistant U.S. Attorney
NC ID No. 46075

3